# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ELTON MANDEVILLE :
:
Petitioner, :
: CIVIL ACTION NO. 3:09-cv-1125
v. :
:
PAUL K. SMEAL : (JUDGE CAPUTO)
: (MAGISTRATE JUDGE BLEWITT)
Respondents :

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of August 13, 2009 (Doc. 12) and Petitioner's Objections to the Magistrate Judge's R & R (Doc. 17). Magistrate Judge Blewitt recommended that Petitioner's petition for a writ of habeas corpus be dismissed because it was not timely filed and that Petitioner's motion to stay be denied as moot. (Doc. 12.) This Court will adopt Judge Blewitt's R & R for the reasons discussed more fully below.

## BACKGROUND

On February 11, 1998, Petitioner David Elton Mandeville was convicted of first degree murder, robbery, burglary, theft by unlawful taking or disposition, and criminal conspiracy in the Wayne County Court of Common Pleas; Mandeville was sentenced to life imprisonment on March 19, 1998. (Doc. 12.) Petitioner filed a post-sentence motion, which the trial court denied on April 2, 1998. (Doc. 6, ¶ 1.) On May 1, 1998, Petitioner appealed his conviction to the Pennsylvania Superior Court; this appeal was denied on August 3, 1999. (Doc 6, ¶¶ 1-2). Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on September 2, 1999 (Docs. 12, 17), which was denied on February 4, 2000. (Doc. 6, ¶ 3.)

On January 19, 2001, Mandeville filed a petition under the Pennsylvania Post

Conviction Relief Act ("PCRA") in the Wayne County Court of Common Pleas. (Doc. 6, ¶ 5). The Court of Common Pleas vacated the sentence imposed for theft by unlawful taking or disposition, but denied the remainder of the PCRA petition. (Doc. 6, Attach. 5.) Petitioner appealed this denial to the Pennsylvania Superior Court on January 2, 2007. (Doc. 6, ¶ 6). On October 18, 2007, the Superior Court affirmed the order of the Court of Common Pleas. (Doc. 6, Attach. 6.) In its opinion, the Superior Court raised the issue of the timeliness Petitioner's PCRA petition *sua sponte* and held the PCRA petition was "patently untimely." The Superior Court's analysis of the timing stated:

> Mandeville's judgment of sentence became final once this Court affirmed the judgment of sentence on August 3, 1999, and the period for filing a direct appeal to the Supreme Court of Pennsylvania expired on September 2, 1999. Therefore, in order to comply with the filing requirements of the PCRA, Mandeville's petition had to be filed by September 4, 2000. As the petition was not filed until January 19, 2001 and Mandeville failed to plead any exception to the time bar pursuant to 42 PA. CONST. STAT. ANN. § 9545(b)(i)-(iii), it is patently untimely.

(Doc. 6, Attach. 6 (footnotes omitted)).

On March 2, 2009, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal of the Superior Court's order regarding the PCRA petition. (Doc. 6, Attach. 8). Petitioner filed an amended PCRA petition on May 1, 2009. (Doc. 17, App. A.)

On June 12, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) In Ground One, Petitioner states that he was questioned by police and denied counsel, despite his request; this issue was raised by Petitioner on direct appeal, but not in his PCRA proceedings. (Doc. 1.) Ground Two is for the trial court's refusal to excuse a

juror who knew the victim's brother and son in Petitoner's trial; this issue was raised by Petitioner on direct appeal, but not his PCRA proceedings. (Doc. 1.) Ground Three alleges that the trial court gave an improper jury instruction regarding the definition of reasonable doubt; Petitioner did not raise this issue on direct appeal, but did raise it in his PRCA proceedings. (Doc. 1.) Ground Four relates to trial counsel's failure to object to a jury instruction regarding the burden of proving the specific intent to kill; Petitioner did not raise this issue on direct appeal, but did raise it in his PRCA proceedings. (Doc. 1.) Grounds Five, Six and Seven raise the issue of ineffective assistance of counsel for trial counsel's failure to object to improper remarks made by the prosecutor, and failure to elicit favorable testimony from two witnesses; Petitioner did not raise these issues on direct appeal, but did raise them in his PRCA proceedings. (Doc. 1.) Ground Eight claims ineffective assistance on the part of appellate counsel; Petitioner did not raise this issue on direct appeal, but did raise it in his PRCA proceedings. (Doc. 1.) Finally, Ground Nine argues that "counsel was ineffective for the cumulative effect of all or any of the previously raised ground for ineffective assistance of counsel." (Doc. 1.)

Petitioner also filed a motion to stay on July 10, 2009. (Doc. 9.) On August 13, 2009, Magistrate Judge Blewitt issued a R & R recommending that the habeas petition be dismissed as untimely and that the motion to stay be dismissed as moot. (Doc. 12.) Petitioner then filed his bbjections to the R & R on August 27, 2009. (Doc. 17.)

Petitioner's objections to the R & R are as follows: 1) the Magistrate Judge erred in concluding that Petitioner did not have a properly filed post conviction motion under the PCRA, 2) the Magistrate Judge erred in concluding that Petitioner's time to

3

file a federal habeas petition had run because his petition was subject to statutory tolling, and therefore, was timely, 3) the Magistrate Judge erred in concluding that the habeas petition was filed after statute of limitations set out in The Federal Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 4) the Magistrate Judge erred in concluding that Petitioner asserted that his Amended PCRA petition tolled the statute of limitations for purposes of his federal habeas petition, 5) the Magistrate Judge erred in concluding that Petitioner's instant habeas petition is untimely, 6) the Magistrate Judge erred in concluding that Petitioner incorrectly tolled his AEDPA statute of limitations for ninety (90) days following the Pennsylvania Supreme Court's denial of his Petition for Allowance of Appeal, 7) the Magistrate Judge erred in considering equitable tolling, 8) the Magistrate Judge erred in concluding that Petitioner's motion to stay was moot because he erroneously found that the habeas petition is untimely, and 9) the Magistrate Judge erred in concluding that the motion to stay should be denied because of the "meritless" claim of ineffective assistance of PCRA counsel. No response to these objections was filed.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C.

4

§ 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## **DISCUSSION**

### I.    **Timely Filing Under the AEDPA**

The Federal Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one year statute of limitations for filing a petition for habeas corpus pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The limitation period runs from the latest of one of several triggering events, but for the purposes of this case, the only relevant subsection states that the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

However, there is a statutory tolling mechanism in the AEDPA that tolls the statute of limitations for the time during which a "properly filed application for State post-conviction review " is pending. 28 U.S.C. § 2244(d)(2). The Supreme Court has held that a PCRA petition that is rejected as untimely is not "properly filed" for

5

purposes of the AEDPA, and, therefore, the statute of limitations is not tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

## II.     Review of State Court Judgment in Habeas Cases

The *Rooker-Feldman* doctrine applies as a limit on federal district court jurisdiction in regard to reviewing the final adjudication of a state's highest court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 474 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). This doctrine equally applies to orders issued by lower state courts. *Port Auth. Police Benevolent Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir. 1992). The *Rooker-Feldman* doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Habeas corpus jurisdiction is, however, a "constitutionally authorized exception to the principle of *Rooker-Feldman*." *Blake v. Papadakos*, 953 F.2d 68, 71 n. 2 (3d Cir. 1992) (citations omitted). This does not mean that all state court decisions can be overturned or mettled with by federal district courts. A federal judge may overturn a state court decision only "insofar as it deals with the application of the United States Constitution or laws to the facts in question." *Summer v. Mata*, 449 U.S. 539, 543-44 (1981). It also axiomatic that a state court's misapplication of its own law does not generally raise a constitutional claim and that "federal courts have no supervisory authority over state judicial proceedings." *Geschwendt v. Ryan*, 967 F.3d 877, 888-89 (3d Cir. 1992). The Supreme Court has emphasized that it is not the province of a

federal habeas court to reexamine state court holdings based on state law questions and that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

### III.     Objection 1

Petitioner's first objection is that the Magistrate Judge erred in concluding that Petitioner did not have a properly filed PCRA petition. Most of this argument is based on two possibly conflicting arguments: 1) the Magistrate Judge's R & R states that the Petitioner's conviction became final on May 4, 2000, ninety (90) days after the Pennsylvania Supreme Court denied his Allowance for Appeal, 2) the Magistrate Judge also relies on the Pennsylvania Superior Court's determination that the PCRA petition was not timely filed and that Petitioner's conviction became final on September 2, 1999, after he failed to file a direct appeal with the Pennsylvania Supreme Court.

While this Court notes the inconsistency in the Magistrate Judge's R & R and the potential inaccuracy in the Pennsylvania Superior Court's holding, it must still reject Petitioner's first objection. It was the Pennsylvania Superior Court, not the Magistrate Judge, that concluded that Petitioner did not have a timely filed PCRA petition. If the Pennsylvania Superior Court did, in fact, err in applying its own law due to a failure to check the Pennsylvania Supreme Court docket because of post-conviction counsel's failure to alert the Superior Court to Petitioner's direct appeal, it is not the province of a federal court to overturn this ruling. A decision regarding the timeliness of a post-conviction petition filed under Pennsylvania law in a Pennsylvania court does not arise under the United States Constitution or federal law. This Court is not to overturn state

7

court judgments and is limited to determining whether the conviction was unconstitutional. Any problem involving the Superior Court's holding should be appealed to the Pennsylvania courts, and Petitioner will have the opportunity to do so when litigating his amended PCRA petition.

The Magistrate Judge based his findings on the Pennsylvania Superior Court's application of its own law. The United States Supreme Court has been very clear that any state post-conviction petition that is deemed untimely by a state court is not "properly filed" for the purposes of the AEDPA's statutory tolling section. Deciding whether or not the state court erred in applying its own post-conviction statute is not a proper task for the federal judiciary. Because the Magistrate Judge properly relied on a state court opinion, he was not in error in concluding that petitioner did not have a properly filed PCRA petition. Therefore, Petitioner's first objection will be overruled.

### IV. Objection 2

Petitioner's argument that the Magistrate Judge erred in concluding that Petitioner's time to file a federal habeas petition ran out on May 5, 2001, is predicated on the following sentence: "Petitioner had a properly filed post conviction proceeding, namely a PCRA." As noted above, the Pennsylvania Superior Court held that Petitioner did not have a timely filed PCRA, and appeal of this judgment was denied by the Pennsylvania Supreme Court. This Court cannot and should not upset that decision. Thus, Petitioner does not have a timely filed PCRA petition in the eyes of this court.

We must accept the Superior Court's ultimate legal holding that Petitioner's PCRA petition was not timely filed as true, as discussed earlier. From that, we can

determine when Petitioner's statute of limitations ran out for his habeas petition. Petitioner's appeal to the Pennsylvania Supreme Court was denied on February 4, 2000. At that point, petitioner had ninety (90) days to file a petition for writ of *certiorari* to the United States Supreme Court. Petitioner did not do so, and his statute of limitations for his federal habeas petition began to run from that point. He could have tolled the statue of limitations with a "properly filed" PCRA pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner did, in fact, file a PCRA petition on January 19, 2001. The Superior Court, however, held that this PCRA petition was not timely filed pursuant Pennsylvania law. Under *Pace*, a state post-conviction petition that is held to be untimely is not "properly filed" under §2244(d)(2), and therefore does not toll the statute of limitations. Thus, Petitioner's PCRA petition was not properly filed and did not toll the statute of limitations for his federal habeas claims. The statute of limitations ran out on May 5, 2001. Petitioner did not file the instant federal habeas petition until June 12, 2009. This was well-after the statute of limitations ran out. The Magistrate Judge did not err in concluding that the statute of limitations ran out on May 5, 2001, and Petitioner's second objection will also be overruled.

## V. Objection 3

Petitioner's third objection is that the Magistrate Judge "erred in concluding that Petitioner's present Habeas Corpus Petition was filed well after his AEDPA statute of limitations." This argument is essentially a re-packaging of the first two objections. To the extent it is a separate argument, it was answered above when this Court discussed the second objection. Petitioner's habeas claims were filed over eight (8) years after

9

that statute of limitations had run. Therefore, the third objection will be overruled.

### VI. Objection 4

The fourth objection from petitioner is that the Magistrate Judge erred in concluding that Petitioner had argued that his amended PCRA petitioner tolled his statute of limitations for his habeas petition. Instead, he asserts that he is unsure how the amended PCRA petition will effect the AEDPA statue of limitations, and that he is filing the instant habeas petition to preserve his federal remedies.

Even if this Court agrees that the Magistrate Judge erred, it is unclear how this objection changes the disposition of the case. Petitioner is arguing that he did not claim that the statute of limitations was tolled by his amended PCRA petition. Even if the new amended PCRA did toll the statute of limitations, the limitations period ran well over eight (8) years ago. To the extent that he filed the amended PCRA claims to preserve any federal claims, those claims are no longer preservable as long as the holding that his original PCRA petition was not timely filed is standing. Because objection four will has no bearing on the Magistrate Judge's recommendation, this objection will be overruled.

### VII. Objection 5

Objection number five states that the Magistrate Judge "erred in concluding that Petitioner's instant Habeas petition is untimely." This argument was fully discussed in this Court analysis of the second and third objections. Likewise, this objection will be overruled.

### VIII. Objection 6

The sixth objection is that the Magistrate Judge erred concluding that Petitioner had argued that his AEDPA statute of limitations was tolled following the Pennsylvania Supreme Court's March 2, 2009, denial of his Allowance of Appeal. This point is moot. Regardless of whether Petitioner argued this point or not, the ninety (90) days it took Petitioner to file his habeas claim after the Supreme Courts March 2, 2009 order are of no consequence to the instant action. The statute of limitations ran over eight (8) years before the instant petition was filed. Any confusion that the Magistrate Judge may have exhibited about Petitioner's arguments on this point do not affect the outcome of this case or the ruling that the statute of limitations had run out long before Petitioner filed his habeas claims. Thus, Petitioner's objection will be overruled.

### IX. Objection 7

The seventh objection is that the Magistrate Judge erred in applying equitable tolling principles to the Petitioner's case because his habeas claims were clearly within the statutorily prescribed time period. As discussed above, Petitioner was clearly not within the statute of limitations if he is only relying on statutory tolling based on a properly filed state post-conviction petition. If anything, the Magistrate Judge's consideration of equitable tolling was a benefit to Petitioner, as it added a second possible avenue for the AEDPA statute of limitations to be tolled.

In the Third Circuit, the AEDPA's limitations period is subject to the doctrine of equitable tolling. *Miller v. New Jersey State Dep't of Corrections,* 616, 618 (3d Cir. 1998). Equitable tolling is generally available if 1) the defendant has actively misled

the plaintiff, 2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or 3) the plaintiff timely asserted his rights but did so in the wrong forum by mistake. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). Equitable tolling should be applied where "rigid application of a limitation period" would be unfair. *Miller*, 145 F.3d at 618. The Supreme Court has not directly decided whether equitable tolling applies to the AEDPA, but has only assumed without deciding that it does. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). However, the Court has stated that to be entitled to any equitable tolling that is potentially available, the petitioner "must show '1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace*, 544 U.S. at 418).

Equitable tolling is not available to Petitioner. He was not reasonably diligent in asserting his rights to federal habeas corpus relief, waiting many years before attempting to file a federal habeas petition. Because it was proper for the Magistrate Judge to consider equitable tolling, and equitable tolling is not available to Petitioner, the seventh objection will be overruled.

### X. Objection 8

The eighth objection argues that the Magistrate Judge erred in considering the Petitioner's Motion to Stay as moot because "he erroneously found Petitioner's Habeas Petition as untimely." The issue of timeliness has been covered above. Petitioner's habeas petition was not timely. Therefore, the legal premise of this

12

objection has been overruled by this Court. As such, this objection will also be overruled.

**XI.     Objection 9**

The ninth objection is that the Magistrate Judge erred in concluding that the motion to stay should be denied as moot because Petitioner's claim that his post-conviction counsel was ineffective is not federally cognizable. Petitioner claims that his argument is actually that PCRA counsel failed to follow the Pennsylvania Rules of Appellate Procedure, which led to the Superior Court's holding that the PCRA petition was untimely without reaching the merits on some of his claims. He argues that in order to exhaust his state remedies for these claims and allow them to be brought in federal habeas petitions, the state court must reach these issues on the merits. Petitioner has filed his amended PCRA petitioner in an attempt to have these claims addressed by the Pennsylvania Courts. According to Petitioner, the Court should exercise its discretion to stay the habeas proceedings until the unexhausted claims are ruled on by the state courts.

When a petition for writ of habeas corpus contains both exhausted and unexhausted claims, it is considered a "mixed petition." *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). In *Rhines*, the Supreme Court overturned the "total exhaustion" requirement and allowed district court judges to stay proceedings that involved mixed petitions until state courts were able to make a ruling on the unexhausted claims. *Id.* at 478-79. However, this Court has noted that *Rhines* requires "that the initial federal petition must be timely filed" for a stay of a mixed petition to be

13

proper. *Eley v. Erickson*, No. 3:CV-08-0090, 2208 WL 2096860 at * 2 (M.D. Pa. May 16, 2008).

In this case, Petitioner has a mixed petition; he has exhausted some of the claims in state court but some of the claims in his habeas petition were not previously brought in post-conviction proceedings. However, Petitioner does not meet the threshold requirement for this court to engage in the stay and abeyance envisioned in *Rhines* because the initial federal habeas petition is not timely filed. Ultimately, Petitioner's untimely habeas petition is fatal to his argument in this objection. As such, objection nine will be overruled.

## **CONCLUSION**

As the Court has found that Petitioner's petition for writ of habeas corpus was filed outside the AEDPA's one year statute of limitations, and that a stay would be improper on an untimely filed habeas petition, the Court will adopt Magistrate Judge Blewitt's recommendation, dismiss the petition for writ of habeas corpus and deny the motion to stay.

An appropriate order follows.


November 23, 2009                         /s/ A. Richard Caputo
Date                                      A. Richard Caputo
                                          United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ELTON MANDEVILLE | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:09-cv-1125 |
| v. | : | |
| PAUL K. SMEAL, | : | (JUDGE CAPUTO) |
| Respondent | : | (MAGISTRATE JUDGE BLEWITT) |

## ORDER

**NOW**, this  23rd  day of November, 2009, after consideration of Magistrate Judge Blewitt's Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus be dismissed and that Petitioner's motion to stay be denied, and of Defendants' objections to the Magistrate Judge's Report and Recommendation,

**it is hereby ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED**.

4. The Motion to Stay is **DENIED**.

5. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge