# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ELTON MANDEVILLE :
:
Petitioner, :
: CIVIL ACTION NO. 3:09-cv-1125
v. :
:
PAUL K. SMEAL : (JUDGE CAPUTO)
: (MAGISTRATE JUDGE BLEWITT)
Respondents :

## MEMORANDUM

Presently before the Court is Petitioner's Motion for Reconsideration of this Court's November 23, 2009 Memorandum and Order. For the reasons discussed more fully below, Petitioner's motion will be denied.

## BACKGROUND

On February 11, 1998, Petitioner David Elton Mandeville was convicted of first degree murder, robbery, burglary, theft by unlawful taking or disposition, and criminal conspiracy in the Wayne County Court of Common Pleas; Mandeville was sentenced to life imprisonment on March 19, 1998. (Doc. 12.) Petitioner filed a post-sentence motion, which the trial court denied on April 2, 1998. (Doc. 6, ¶ 1.) On May 1, 1998, Petitioner appealed his conviction to the Pennsylvania Superior Court; this appeal was denied on August 3, 1999. (Doc 6, ¶¶ 1-2). Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on September 2, 1999 (Docs. 12, 17), which was denied on February 4, 2000. (Doc. 6, ¶ 3.)

On January 19, 2001, Mandeville filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA") in the Wayne County Court of Common Pleas. (Doc. 6, ¶ 5). The Court of Common Pleas vacated the sentence imposed for theft by unlawful taking or disposition, but denied the remainder of the PCRA petition. (Doc. 6, Attach. 5.) Petitioner

appealed this denial to the Pennsylvania Superior Court on January 2, 2007. (Doc. 6, ¶ 6). On October 18, 2007, the Superior Court affirmed the order of the Court of Common Pleas. (Doc. 6, Attach. 6.) In its opinion, the Superior Court raised the issue of the timeliness Petitioner's PCRA petition *sua sponte* and held the PCRA petition was "patently untimely." The Superior Court's analysis of the timing stated:

> Mandeville's judgment of sentence became final once this Court affirmed the judgment of sentence on August 3, 1999, and the period for filing a direct appeal to the Supreme Court of Pennsylvania expired on September 2, 1999. Therefore, in order to comply with the filing requirements of the PCRA, Mandeville's petition had to be filed by September 4, 2000. As the petition was not filed until January 19, 2001 and Mandeville failed to plead any exception to the time bar pursuant to 42 PA. CONST. STAT. ANN. § 9545(b)(i)-(iii), it is patently untimely.

(Doc. 6, Attach. 6 (footnotes omitted)).

On March 2, 2009, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal of the Superior Court's order regarding the PCRA petition. (Doc. 6, Attach. 8). Petitioner filed an amended PCRA petition on May 1, 2009. (Doc. 17, App. A.)

On June 12, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) Petitioner also filed a motion to stay on July 10, 2009. (Doc. 9.) On August 13, 2009, Magistrate Judge Blewitt issued a R & R recommending that the habeas petition be dismissed as untimely and that the motion to stay be dismissed as moot. (Doc. 12.) Petitioner then filed his objections to the R & R on August 27, 2009. (Doc. 17.) On November 23, 2009, this Court issued a Memorandum and Order adopting the R&R. (Doc. 18).

On December 11, 2009, Petitioner filed the instant motion, along with an accompanying brief in support. (Docs. 19, 20.) On December 21, 2009, Petitioner also filed

a Notice of Appeal. (Doc. 21.) On March 31, 2010, the Third Circuit Court of Appeals issued an order denying Petitioner's application for a certificate of appealability ("COA"). (Doc. 25.) No brief in opposition was filed to the instant motion. Therefore, this motion is fully briefed and ripe for disposition.

**STANDARD OF REVIEW**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d

3

502, 504 (M.D. Pa. 1999).

## **DISCUSSION**

Petitioner's Motion for Reconsideration does not argue that there has been an intervening change in controlling law, or that he is privy to newly discovered evidence that was not available at the time this Court issued its November 23, 2009 opinion. Instead, he argues that this Court committed a clear error of law in adopting the Magistrate Judge's R&R. In adopting the R&R, this Court held that Petitioner's habeas petition was untimely and that the statute of limitations could not be equitably or statutorily tolled.

The Third Circuit Court of Appeals' recent Order makes it clear that this holding was not a clear error of law. The court held that "[f]or substantially the reasons stated by the District Court and the Magistrate Judge, [Mandeville's] habeas petition was properly denied as untimely." (Doc. 25.) In issuing its order, the appeals court held that the arguments for statutory tolling of the statute of limitations were not debatable among reasonable jurists. (Doc. 25; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because the Third Circuit Court of Appeals upheld this Court's decision and, in fact, has held that reasonable jurists could not debate the correctness of that holding, it logically follows that the decision was not a clear error of law. Therefore, Petitioner's Motion for Reconsideration will be denied.

## **CONCLUSION**

For the reasons detailed above, the Court will deny Petitioner's Motion for Reconsideration (Doc. 19). An appropriate order follows.

| | |
|---|---|
| April 14, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID ELTON MANDEVILLE      :
:
Petitioner,      :      CIVIL ACTION NO. 3:09-cv-1125
:
v.      :
:
PAUL K. SMEAL,      :      (JUDGE CAPUTO)
:
Respondent      :      (MAGISTRATE JUDGE BLEWITT)

**ORDER**

Now, this __14th__ day of April, 2010, it is **HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. 19) is **DENIED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge